UNITED STATES OF AMERICA
WESTERN DISTRICT OF NEW YORK

_____

ERIC HESS,

                Petitioner[1],

vs.

UNITED STATES OF AMERICA,

                Respondent.

DECISION AND ORDER
02-MR-6036
07-Cv-6309

_____

**Siragusa, J.** Before the Court is Petitioner's motion for an Order pursuant to 28 U.S.C. 2255 vacating his sentence of fifteen months' confinement for a violation of probation condition nine. He contends that he receiving multiple punishments on his guilty plea to a probation violation, in violation of the Double Jeopardy clause in the Fifth Amendment. For the reasons stated below, his application is denied.

In *United States v. Pettus*, 303 F.3d 480 (2d Cir. 2002), the Second Circuit held that "a violation of the conditions of supervised release does not constitute a new crime, and the revocation of supervised release is not properly considered a new punishment." *Id*. at 487 (citations omitted). Instead, imposition of punishment for a violation of the conditions of supervised release is treated as a modification of the initial punishment for the

---

[1] While section 2255 is often referred to as a habeas corpus provision, such characterization is technically incorrect because, rather than authorizing the granting of a writ, the statute provides for a federal court to consider a motion that is, in effect, a continuation of the underlying criminal proceeding. *See* 28 MOORE'S FEDERAL PRACTICE § 672.02[2][b] (3d Ed. 1999). Similarly, although prisoners file motions rather than petitions to initiate section 2255 proceedings, their motion papers are generally referred to as petitions and the prisoners are referred to as petitioners. In the interests of conformity and convenience, this Court will refer to Eric Hess as "petitioner" and to the United States as "respondent."

underlying offense. *See, e.g.,* 18 U.S.C. § 3583 (2008) (court may impose supervised release as part of sentence and may modify conditions of supervised release). Double Jeopardy is not implicated in this situation. *See United States v. Dees*, 467 F.3d 847, 853 (3d Cir. 2006) ("This position finds support in 18 U.S.C. § 3583(a), which notes that supervised release is 'a part of the sentence.' When read as such, a revocation sentence should be seen as part of the initial sentence, even when the same act triggers multiple revocations. *See United States v. Soto-Olivas*, 44 F.3d 788, 790 (9th Cir. 1995). Coupled with the conclusion that a district court has statutory discretion under 18 U.S.C. § 3584(a) to impose consecutive sentences upon revocation of concurrent terms of supervised release, Double Jeopardy is not implicated here.").

Petitioner misconstrues what occurred before the Honorable Michael A. Telesca on April 13, 2006. Judge Telesca ordered Petitioner to reside at the halfway house, but decided not to consider the charge that he violated condition nine until after the disposition of grand larceny charges, then pending in State court. The pertinent portion of the hearing transcript verifies this:

> THE COURT: So, will you consent to a modification of your terms of supervised release to provide that you stay in a halfway house and the terms and conditions imposed by the Probation Department?
>
> THE DEFENDANT: Yeah, I will.
>
> THE COURT: And the balance of the charges in the petition shall remain. I will make no determination on that until the charges in Orleans County have been resolved one way or the other. So, I'll adjourn the balance of the matter on the petition without any date.

(Hearing Transcript, *United States v. Hess*, No. 02-MCR-6036 (W.D.N.Y. Apr. 13, 2006), at 7–9.) Therefore, Petitioner was not sentenced twice for violation of condition nine. Instead, the Court sentenced him to imprisonment for fifteen months, concurrent with his

state court sentence, and dismissed charges 3–8. (Judgment, *United States v. Hess*, No. 02-MCR-6036 (W.D.N.Y. Oct. 19, 2006).)

Consequently, Petitioner has no basis for his argument that the sentence violated his rights under the Fifth Amendment. The petition is dismissed.

DATED:     January 6, 2011
               Rochester, New York

                                      /s/ Charles J. Siragusa
                                      CHARLES J. SIRAGUSA
                                      United States District Judge